(No. 1663—

GENERAL FIBRE CO., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 8, 1936.*

HARLINGTON WOOD, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

On August fifteenth, 1929 the claimant company, which was then a wholesale dealer in various fibre materials, received from the respondent, through its Department of Purchases and Construction, a request for a price on twenty thousand (20,000) yards of a certain quality of burlap, f. o. b. Pontiac, for the Illinois State Reformatory, four thousand (4,000) yards to be delivered at once and the balance as ordered by the institution.

On August nineteenth, 1929 claimant quoted a price of Nine and Three-fourths Cents ($.09¾) per yard on twenty thousand (20,000) yards, to be shipped in bale lots of two thousand (2,000) yards,—four thousand (4,000) yards at once, balance as required.

On August twenty-ninth, 1929 respondent forwarded to claimant a purchase order for twenty thousand (20,000) yards of burlap in accordance with claimant's proposition;— "four thousand (4,000) yards to be shipped at once, balance as ordered."

Claimant thereupon purchased in the open market twenty thousand (20,000) yards of burlap for the fulfillment of said contract, and shipped four thousand (4,000) yards to respondent, which was duly received and paid for.

On October twenty-ninth, 1929 claimant requested of the Department of Purchases and Construction further shipping instructions on the remaining sixteen thousand (16,000) yards. Thereupon the Department of Purchases and Construction requested the Illinois State Reformatory to advise claimant when shipment was to be made.

On November fourteenth, 1929 claimant was advised by F. D. Whipp, Acting General Superintendent of the Illinois State Reformatory, that they were unable to use the material

at that time, due to the fact that the furniture factory was not operating, and that shipping instructions would be forwarded at a later date.

On December fourth, 1929 Mr. W. H. Gehm, acting Factory Superintendent of the Illinois State Reformatory, advised claimant to make no shipment unless advised later to do so. Claimant thereupon advised the Acting General Superintendent of said Illinois State Reformatory that the order in question was not subject to cancellation, and asked for disposition of the remaining goods.

On December twenty-third, 1929 said Acting General Superintendent of the Illinois State Reformatory advised claimant to consider the order cancelled, and that any shipments against the same would be refused.

No sufficient justification for the cancellation of the contract or the refusal to accept the goods appears from the record, and the claimant is therefore entitled to maintain its action for non-acceptance of the merchandise in question.

Under the provisions of the Uniform Sales Act of this State, the proper measure of damages under the facts in this case is the difference between the contract price and the market or current price at the time of the refusal to accept. The contract price was Nine and Three-fourths Cents ($.09¾) per yard and the market or current price on the date of the refusal to accept, to-wit: December twenty-third, 1929, was 7.73 cents per yard. Claimant is therefore entitled to receive damages in the sum of $323.20.

Award is therefore entered in favor of the claimant for the sum of Three Hundred Twenty-three Dollars and Twenty Cents ($323.20).